

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2006

# USA v. Carelock

Precedential or Non-Precedential: Precedential

Docket No. 05-3515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Carelock" (2006). *2006 Decisions.* Paper 512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3515
_____


UNITED STATES OF AMERICA

v.

OLANDA L. CARELOCK,

<u>Appellant</u>
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 95-00415-1)
District Judge: The Honorable Dennis M. Cavanaugh
_____


Argued July 10, 2006
Before: SMITH, ALDISERT and ROTH, <u>Circuit Judges</u>.


(Filed: August 18, 2006)


Richard Coughlin, Esq.
Kevin F. Carlucci, Esq. (ARGUED)
Louise Arkel, Esq.
Office of Federal Public Defender

972 Broad St., 4th Floor
Newark, NJ 07102

       Counsel for Appellant

Christopher J. Christie, Esq.
George S. Leone, Esq.
Sabrina G. Comizzoli, Esq. (ARGUED)
Office of United States Attorney
970 Broad St.
Newark, NJ 07102

       Counsel for Appellee

_____

OPINION OF THE COURT
_____

ALDISERT, <u>Circuit Judge.</u>

Olanda Carelock appeals the sentence that he received following the revocation of his supervised release. He argues that the sentence—14 months' imprisonment and 36 months' supervised release (which was reduced to 22 months on account of the 14-month period of incarceration)—is unreasonable.[1]

_____

   [1] Carelock has already served his term of imprisonment, but still remains subject to his term of supervised release. He will begin serving that portion of his sentence upon his release from the New Jersey State Department of Corrections, where he

Because Carelock failed to file a timely notice of appeal that complied with the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure or was the functional equivalent of what the rule requires, we will dismiss for lack of jurisdiction.[2]

I.

In light of our jurisdictional concerns surrounding Carelock's notice of appeal, we need not discuss the facts underlying the District Court's revocation of his term of supervised release and instead will focus on those events that followed the filing of the District Court's judgment on April 25, 2005. Four days after that date, on April 29, 2005, Carelock's counsel electronically filed a notice of appeal with the District Court. Regrettably, although the notice was filed in Carelock's

---

is serving a concurrent state sentence with a maximum expiration date of December 2007. Because Carelock still remains subject to this term of supervised release, his appeal is not mooted by the completion of his term of federal imprisonment. Cf. Spencer v. Kemna, 523 U.S. 1, 8 (1998) (stating that a parolee's challenge to his conviction always satisfies Article III's case-or-controversy requirement because the restrictions imposed by the terms of the parole currently being served constitute a concrete injury).

[2] The District Court had jurisdiction over Carelock's case pursuant to 18 U.S.C. §§ 3231 (conferring jurisdiction to hear cases involving crimes against the United States) and 3583(e) (conferring jurisdiction to modify or revoke supervised release).

case in the District Court's electronic filing system, it had the wrong defendant's name, the wrong docket number, the wrong district court judge's name, and the wrong judgment date. The notice instead bore the name and case information of Omar Tecat, a criminal defendant also represented by Carelock's counsel. The District Court clerk's office acknowledged receipt of the notice on April 29, 2005, but also issued a quality control message noting these errors.[3] App. at 2. Carelock's counsel was advised by the District Court clerk's office that the defective notice of appeal pertained to Omar Tecat and not Olanda Carelock.[4] App. at 7. The clerk later noted on the

_____

[3] The docket entry for that filing stated:

CLERKS OFFICE QUALITY CONTROL MESSAGE - The [1] Notice of Appeal submitted by Kevin Carlucci, Esq contains the following error. The docket number and case caption does not match the docket number and case caption of this case. The docket sheet is on paper docket and not on the computer system. This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. PLEASE FILE THE APPEAL IN THE PROPER CASE. . . .

App. at 2.

[4] The docket entry indicating this notification of Carelock's counsel stated:

docket sheet that Carelock's case was not even subject to e-filing in the District Court at this time.[5] App. at 2.

At oral argument, Carelock's counsel explained that he had drafted a proper notice for Carelock, but accidentally electronically filed the notice of appeal for Omar Tecat instead. When the District Court notified him of a possible error, however, Carelock's counsel acknowledged that he took no immediate action that corrected the problem. He stated that upon receiving notification of an error from the Court, he reviewed a printout copy of the notice of appeal (the one that bore Carelock's name and information) and concluded that there was nothing wrong. At this time, Carelock's counsel neglected

> Notice of Appeal Filed. (Clerk's Note: Counsel filed a Notice of Appeal in this case on 4/29/05 electronically. Counsel advised at that time that the Notice of Appeal pertained to Omar Tecat in CR 02-575)

App. at 7.

[5] That docket entry stated:

> Clerk's Quality Control Message: Document [3] NOTICE OF DOCKETING filed by the USCA should have been filed in the traditional manner, on paper, as this case is not subject to e-filing at this time, as previously explained on 7/19/05. (ck)

App. at 2.

to review the document that he had actually electronically filed with the District Court.

On July 25, 2005, the case was docketed in this Court. That day, the clerk's office of this Court sent a letter to the parties notifying them of the possible jurisdictional defect in this appeal owing from the incorrect notice of appeal. On August 4, 2005, we received a response from Carelock's counsel explaining the mistake and arguing that the mere act of electronically filing the defective notice in Carelock's file should have served as the functional equivalent of a notice of appeal. Aug. 4, 2005 letter to the clerk of this Court (citing In re Continental Airlines, 125 F.3d 120, 129 (3d Cir. 1997)). That same day, we received a corrected notice of appeal that bore Olanda Carelock's name and case information. It bears comment that this attempt to explain and correct the April 29, 2005 notice took place a little over 90 days after the mistake actually had been made and counsel had been alerted that there was a problem with the electronic filing.

On August 8, 2005, we received the government's response, wherein it argued that Carelock's April 29 notice of appeal does not comply with the content requirements of Rule 3 of the Federal Rules of Appellate Procedure. Because of this defect, it contends that we lack jurisdiction to hear this appeal because Carelock failed to file a proper notice of appeal of Carelock's case within the ten-day window of Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure.

II.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Rule 3(a)(1), Federal Rules of Appellate Procedure. "Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal [and, because] the timely filing of a notice of appeal is 'mandatory and jurisdictional,' [] compliance with the provisions of those rules is of the utmost importance." Rule 3, Advisory Committee Note, Federal Rules of Appellate Procedure (internal citations omitted) (cited with approval in Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988)); Poole v. Fam. Ct. of New Castle County, 368 F.3d 263, 264 (3d Cir. 2004) ("The timeliness of an appeal is a mandatory jurisdictional prerequisite.").[6] Per Rule 4, a notice of appeal

---

[6] The question has recently arisen in the courts of appeals as to whether Rules 3 and 4 of the Federal Rules of Appellate Procedure are rules that govern subject-matter jurisdiction (that may not be waived) or are merely "inflexible claim-processing" rules (that may be waived). This concern was sparked by the Supreme Court's recent holdings in Eberhart v. United States, 126 U.S. 403, 407 (2005) (per curiam) (holding that Rule 33 of the Federal Rules of Criminal Procedure is an "inflexible claim-processing rule" that may be waived if not raised), and Kontrick v. Ryan, 540 U.S. 443, 455-456 (2004) (similarly holding that Rules 4004 and 9006 of the Federal Rules of Bankruptcy Procedure are "claim-processing rules"). Although the language and commentary of the rules, along with their prior treatment by the Supreme Court and this Court, strongly support the conclusion that Rules 3 and 4 govern

-7-

"must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Rule 4(b)(1)(A), Federal Rules of Appellate Procedure. Here, the judgment was entered on April 25, 2005, so Carelock had ten days from that date in which to file his notice of appeal. The only document received within that time-window was the notice of appeal bearing Omar Tecat's name that was filed on April 29, 2005. The corrected notice of appeal, which we received on August 4, 2005, did not satisfy Rule 4's time requirements.[7]

We must then examine the April 29 notice of appeal to see whether it may properly serve as Carelock's notice of appeal for purposes of Rule 4's timing requirements. To qualify as a notice of appeal, the filing must meet the requirements of Rule 3(c)(1), which states that a notice of appeal must:

> (A)    specify the party or parties taking the appeal by naming each one in the caption

---

subject-matter jurisdiction, we need not answer this question at this time because waiver is not implicated here. The government properly raised the defective and untimely nature of Carelock's notice of appeal in its response to the clerk.

[7] Carelock did not file a motion for an extension of time to file a notice of appeal pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure. Moreover, even had such a motion been made, Rule 4(b)(4) only allows a maximum extension of 30 days, which would not have cured the untimely nature of the corrected notice of appeal.

or body of the notice . . .;

(B)	designate the judgment, order, or part thereof being appealed; and

(C)	name the court to which the appeal is taken.

Unfortunately for Carelock, the April 29 notice, which bears Omar Tecat's name and case information, meets only one of these three requirements—the notice correctly names the court to which the appeal would be taken.

### III.

"[T]he purpose of [Rule 3(c)] is to ensure that the filing provides sufficient notice to other parties and the courts." Smith v. Barry, 502 U.S. 244, 248 (1992). Because, however, "[d]ismissal of an appeal for failure to comply with procedural rules is not favored," Horner Equip. Intern., Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 93 (3d Cir. 1989), we take note of the leeway we possess in assessing compliance with Rule 3(c). The Supreme Court has stated that courts should "liberally construe the requirements of Rule 3." Smith, 502 U.S. at 248 (citations omitted). Under this mandate, "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Torres, 487 U.S. at 316-317. That is to say, "[i]f the document meets [the requirements of Rule 3(c),] it does not matter that the appellant

-9-

intended it to serve some other function." Moore's Federal Practice § 303.21[2] (Mathew Bender 3d ed.). "This principle of liberal construction does not, however, excuse noncompliance with the rule. . . . Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." Smith, 502 U.S. at 248.

Here, it is undisputed that the April 29 notice of appeal does not strictly comply with the requirements of Rule 3(c). Acknowledging this deficiency, Carelock argues that his *mere act* of electronically filing a notice appeal in his case is the functional equivalent of what Rule 3(c) requires. For support he relies upon In re Continental Airlines, wherein we stated:

> [I]n the context of Rule 3(c), jurisdiction may be appropriate if a litigant's actions are functionally equivalent to the requirements of Rule 3(c). Masquerade Novelty v. Unique Industries, 912 F.2d 663, 665 (3d Cir. 1990). We have applied this construction numerous times to support a finding of jurisdiction in the absence of strict, technical compliance with the requirements of Rule 3(c). See id. (where the contents of documents filed within the time prescribed to file a notice of appeal contain the information required by Rule 3(c), the party will be deemed to have complied with the rule and the case will not be dismissed for lack of appellate jurisdiction); [Dura Sys., Inc. v. Rothbury Invs., Ltd., 886 F.2d 551, 554-555 (3d Cir. 1989)] (Consent Order filed by the appellants within the time prescribed to file

-10-

a notice of appeal served as the "functional equivalent" of what Rule 3(c) required such that the technical failure of the actual notice of appeal was not a bar to jurisdiction); see also In re Bertoli, 812 F.2d 136 (3d Cir. 1987) (litigant's filing of a "Notice of Motion for Certification of An Interlocutory Appeal" in the district court within the thirty-day time period allowed to file a notice of appeal was sufficient to satisfy Rule 3(c) where the litigant failed to file an actual notice of appeal; the document communicated an intention to appeal and identified the judgment appealed from and the court to which the appeal was taken).

125 F.3d at 129. Carelock stresses that because the notice of appeal was at least filed in *his* case (and not Omar Tecat's), and because electronic filing is a new system, his mere act of filing a notice should be considered the functional equivalent of what Rule 3(c) requires.

We disagree. The mere act of electronically filing the defective notice of appeal, the contents of which only comply with one of Rule 3(c)(1)'s three requirements, does not constitute a functional equivalent of what the rule requires. We are conscious of our duty to liberally construe the requirements of Rule 3(c), but we cannot shoehorn this defective notice into the category of things that we have held to be functional equivalents. All the cases cited by this Court in Continental Airlines as examples of functional equivalents deal with the filing of documents that, although not captioned as notices of

-11-

appeal, at least contained the required information of Rule 3(c)(1) and provided notice to the appropriate parties that the defendants intended to appeal the relevant judgments of the district courts.[8] Carelock's request that we consider the mere act of electronically filing the defective notice of appeal to be the functional equivalent of what Rule 3(c) requires borders upon asking us to consider his subjective intent in filing the defective notice. This, however, is not the relevant test. It is "the notice afforded by a document, not the litigant's motivation in filing it

---

[8] Beyond those examples cited in <u>Continental Airlines</u>, the Supreme Court and this Court have also considered the following as being the functional equivalents of what Rule 3(c) requires: an inmate's informal *pro se* brief, <u>Smith</u>, 502 U.S. at 248-249; a defective notice of appeal supplemented by a subsequent letter to the district court, <u>In re Paoli R.R. Yard PCB Litig.</u>, 916 F.2d 829, 837-838 (3d Cir. 1990); and a combination of appellants' "Motion to Certify for Immediate Appeal" and their reply to appellees' objection to the certification, <u>Hindes v. FDIC</u>, 137 F.3d 148, 155-157 (3d Cir. 1998). Key to these determinations of functional equivalency was (1) that the subject documents contained all or almost all of the information required by Rule 3(c) and (2) their effect of providing notice to the courts and opposing parties. See <u>In re Paoli R.R. Yard PCB Litig.</u>, 916 F.2d at 837-838 (indicating that the Rule 3(c) information contained in a letter from the appellant to the court and opposing counsel served to remove any jurisdictional impediment created by a prior, possibly defective, notice of appeal); <u>Hindes</u>, 137 F.3d at 156 ("[T]hese documents notify the parties and the court as to appellants' specific intention to seek appellate review of both orders.").

[that] determines the document's sufficiency as a notice of appeal." <u>Smith</u>, 502 U.S. at 248.

Simply put, "notice" is "knowledge of the existence of a fact," <u>see</u> <u>Blacks Law Dictionary</u> 957 (5th ed. 1979), and here there is no evidence that either the government or District Court was or should reasonably have been put on notice by the April 29 notice that Carelock intended to appeal his sentence.[9] Rather, the April 29 notice compels the conclusion that Omar Tecat (the individual actually named on the notice) and not Carelock intended to take an appeal, and that the notice had been mistakenly filed in Carelock's case. Accordingly, we must dismiss Carelock's appeal for failure to file an effective notice of appeal within the time requirements of Rule 4(b)(1)(A) of the

---

[9] Carelock's counsel also asserts that he mailed a courtesy copy of the correct notice to the United States Attorney's Office. The government's counsel, however, stated at oral argument that she could find no record of the government having received this document. To the contrary, she claimed that the government was not aware of this appeal until the case was docketed in this Court. Carelock's counsel failed to present any documentation of such a mailing, and there is no indication in the record that otherwise supports this assertion. Accordingly, we are unable to conclude that the government was put on notice by any such mailing.

As for the District Court, the notations made on Carelock's docket sheet indicate that it may have been aware of some activity in Carelock's case, but these are not sufficient to convince us that it was on notice of Carelock's intent to appeal.

Federal Rules of Appellate Procedure.

## IV.

"To err is human, but to really foul things up requires a computer."  Farmers' Almanac (1978).  In parting, we note that the cause of this error was that Carelock's counsel had unfortunately failed to double-check the document he had electronically transmitted to the District Court.  Although the modern use of the computer is a great time-saver, its ease of use should not assuage the almost obsessive attentiveness that is required when filing any document with a court.  Otherwise, a scenario such as Carelock's may occur, which proves the adage that "a computer lets you make more mistakes faster than any invention in human history—with the possible exceptions of handguns and tequila."  Mitch Ratcliffe (quoted in Herb Brody, The Pleasure Machine: Computers, Technology Review, Apr. 1992, at 31).

\* \* \* \* \*

We will dismiss the appeal for lack of jurisdiction.