**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 08-4687

_____

ERIC VIOLA,

Appellant

v.

BOROUGH OF THROOP; TOM LUKASEWICZ,
Individually and as Council President; STANLEY
LUKOWSKI, Individually and as Mayor; NEIL FURIOSI,
Individually and as Chief of Police; TONY CHAZAN,
Individually and as Council President

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-cv-1930)
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

February 1, 2010

Before: McKEE, *Chief Circuit Judge*, HARDIMAN, *Circuit Judge*, and
Pollak, *District Judge* [*]

(Opinion filed: July 22, 2010)
_____

OPINION
_____

_____

[*] The Honorable Louis H. Pollak, Senior District Judge for the United States Court for
the Eastern District of Pennsylvania, sitting by designation.

McKEE, *Chief Judge*

Eric Viola appeals the district court's grant of summary judgment in favor of the defendants: the Borough of Throop, Stanley Lukowski, Neil Furiosi, Tony Chazan, and Tom Lukasewicz (referred to collectively as "Defendants"), in the civil rights action he brought against them under 42 U.S.C. § 1983. In that suit, he alleged that: (1) his suspension violated his right to due process,[1] and (2) Defendants violated his First Amendment rights by retaliating against him for filing a grievance. For the reasons set forth below, we will affirm the grant of summary judgment on Viola's First Amendment claim but vacate summary judgment on Viola's due process claim and remand for further proceedings.

**I.**

---

[1] In their motion to strike, Viola's appeal of the district court's August 5, 2008 order, Defendants argues that we should not consider Viola's due process claims because Viola's notice of appeal did not "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(A). Defendants claims that Viola's notice of appeal only specifies the district court's order dated October 31, 2008, regarding Viola's motion for reconsideration and not the district court's August 5, 2008 order granting Throop's motion for summary judgment. The argument is meritless. First, we construe the requirements of Rule 3(c) liberally. *United States v. Carelock*, 459 F.3d 437, 441-42 (3d Cir. 2006). Second, "the appeal from a final judgment draws into question all prior non-final orders and rulings which produced the judgment." *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1253 (3d Cir. 1977). In addition. we can exercise appellate jurisdiction over "orders that are not specified in the notice of appeal where: "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir. 1998).

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard as the district court. *Erie Telecomms., Inc. v. City of Erie*, 853 F.2d 1084, 1093 (3d Cir. 1988). Under Fed. R. Civ. P. 56(c), a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

## II.

As we write primarily for the parties who are familiar with the facts of this case, we need not recite the factual or procedural history in detail. As just noted, Viola argues that his suspension violated his right to due process of law. "[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (quotation omitted).

After the district court granted summary judgement on Viola's claims, we decided *Dee v Borough of Dunmore*, 549 F.3d 225 (3d Cir. 225). There, the Borough suspended Dee from his position as a firefighter without notice or hearing based upon the Borough's belief that he was not qualified to serve as a paid firefighter. Dee sued under § 1983 alleging (*inter alia*) that the Borough's action deprived him of his right to due process.

3

The district court granted summary judgment in favor of the Borough based upon its conclusion that the alleged property interest was not entitled to the procedural protections guaranteed by the Fourteenth Amendment. Dee had defined his protected property interest as the right of "'not being suspended without just cause.'" 549 F.3d at 229.

We reversed the district court's dismissal of that due process claim. We held that 53 Pa. Stat. § 46190 created a sufficient property interest in not being terminated without just cause to warrant the protection of the Due Process Clause.[2] We also held that Dee's property interest was not mitigated by the fact that he had merely been suspended, and not terminated.

Since the district court here did not have the benefit of the analysis in *Dee*, we will vacate the order granting summary judgment on Viola's Fourteenth Amendment due process claim so that the court can reconsider that claim in light of our analysis in *Dee*. The court's inquiry on remand will include an analysis of the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) in the context of the property interest recognized in *Dee*. That inquiry requires a heightened government interest where the government provides process only after the deprivation. *Dee*, 549 F.3d at 233.

### III.

Viola also argues that Throop violated his First Amendment rights by retaliating

---

[2] Dee was also protected from an "at will" termination by the terms of a collective bargaining agreement. However, that additional consideration was not determinative there, and it is not relevant to our analysis here.

against him for filing a grievance pertaining to his suspension. In order to establish a First Amendment retaliation claim, a public employee must allege facts that show "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006) (citations omitted). The district court found that Viola "presented no evidence by which a jury could conclude that his filing of a grievance was a 'substantial motivating factor' in the decision to suspend him without pay." *Viola v. Borough of Throop*, 06 Civ. No. 1930, 2008 WL 4793744, *6 (M.D. Pa. Oct. 31, 2008) ("*Viola II*") (quoting *San Filippo v. Bongiovanni*, 30 F.3d 424, 446 (3d Cir. 1994)). The district court also concluded that "even if a jury could find that the filing of the grievance was a substantial motivating factor in the decision to suspend plaintiff without pay, plaintiff has not presented any facts by which a jury could discount the defendants' evidence that plaintiff's suspension came because he had failed properly to perform his duties as a police officer." *Id*. We agree. Accordingly, we will affirm the dismissal of Viola's First Amendment claim for retaliation.

## IV.

For the foregoing reasons, we will affirm the order dismissing Viola's First Amendment claim, but vacate the order dismissing his due process claim, and remand for further proceedings.

5