NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1346
_____

UNITED STATES OF AMERICA

v.

RUDOLPH HUBBARD,
                    Appellant.

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 3-05-cr-00067-001)
District Judge:  The Honorable Curtis V. Gomez

_____

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2009

BEFORE: McKEE, Chief Judge, FUENTES and NYGAARD, Circuit Judges.

(Filed: August 26, 2010 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Since this opinion is wholly without precedential value, we write solely for the benefit of the parties who are familiar with the factual and procedural history of this case. We will dismiss the appeal.

Rudolph Hubbard appeals the judgment of May 18, 2007, ordering a special assessment of $10.00 and restitution in the amount of $181.00 following his earlier plea of *nolo contendere* to destruction of government property.[1]  On June 4, 2008, Hubbard filed for an extension of time to file his notice of appeal.  The District Court granted the motion on February 4, 2009.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."  Fed.R.App.P. 3(a)(1).  "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:  (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."  Fed.R.App.P. 4(b)(1)(A).  Rule 4 goes on to state the following:

> Upon a finding of excusable neglect or good cause, the
> district court may--before or after the time has expired, with
> or without motion and notice--extend the time to file a notice
> of appeal for a period not to exceed 30 days from the
> expiration of the time otherwise prescribed by this Rule 4(b).

---

[1]At the time of the event grounding this case, Hubbard was in custody because of his indictment for illegal entry into the United States, and a false claim of citizenship. *United States v. Hubbard*, No. 3:06-cr-00004 (D.Virgin Islands filed Jan. 10, 2006).  The Magistrate Judge found Hubbard incompetent to stand trial and dismissed the charges on May 25, 2009.

2

Fed.R.App.P. 4(b)(4).

The District Court's decision to grant an extension of time to appeal is reviewed for an abuse of discretion. *See Ramseur v. Beyer*, 921 F.2d 504, 506 n.2 (3d Cir. 1990). Because Hubbard filed his motion for extension one year and sixteen days after the court entered judgment on the docket, there is no question that Hubbard's motion for an extension of time was filed well after the statutory period for such motions expired. The threshold question, therefore, is whether the District Court abused its discretion in granting Hubbard's motion for an extension of time. We conclude that it did.

We have consistently given a strict interpretation to the filing deadline specified in Rule 4. *See, e.g., United States v. Carelock,* 459 F.3d 437, 441 & n.7 (3d Cir. 2006). Rule 4 plainly states that a motion for an extension of time to file a notice of appeal cannot be granted after the thirty-day grace period has expired. The language articulating this deadline is not precatory. As a result, it is clear that the District Court abused its discretion in granting a motion that was not compliant with Rule 4. Moreover, because the District Court exceeded the boundaries of its discretion in granting the motion to extend the filing deadline, Hubbard's notice of appeal is rendered a nullity. For this reason, we will dismiss this appeal.