**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1217
_____

UNITED STATES OF AMERICA

v.

TIMOTHY M. RISSMILLER
a/k/a Timmy,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-05-cr-00202-001)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2013

Before:   CHAGARES, VANASKIE, and SHWARTZ, *Circuit Judges.*

(Filed: March 4, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Timothy M. Rissmiller appeals his sentence following the revocation of

his supervised release, arguing that the sentence was procedurally unreasonable because

the District Court failed to give proper consideration to the relevant factors set forth in 18

U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e), and did not explain its variance above the advisory Guidelines range. Because the District Court committed procedural error in imposing its sentence, we will vacate the sentence and remand for re-sentencing.

I.

Rissmiller pled guilty to child pornography charges in 2005 and received a sentence of seventy months' imprisonment, three years of supervised release, and fines and assessments. After he was released from prison, his first term of supervised release was revoked for using a computer with online access without authorization, failing to answer all inquiries by his probation officer truthfully, and failing to participate in and comply with all of the requirements of a sex offender treatment plan. The District Court sentenced him to nine months' imprisonment for these violations of the conditions of supervised release, and imposed two years of supervised release.

Relevant to this appeal, in October of 2012, during Rissmiller's second period of supervised release, a probation officer found a legally available photography book at Rissmiller's residence that contained a picture of a minor girl in her underwear. The probation officer also discovered books that included erotica and fantasies of deviant sexual behavior. At the recommendation of the probation officer, Rissmiller disclosed his possession of those materials, and his use of them for sexual gratification, to his counselors at the sex offender counseling program in which he was participating. Because the possession and use of those materials violated the counseling program's treatment requirements, the counseling program "unsuccessfully discharged" him from the program. (App. 13.) After Rissmiller's discharge from that program, the probation

2

office petitioned the District Court to revoke supervised release on the ground that failure to abide by the treatment provider's requirements violated the following special condition of supervision:

> The defendant shall participate, at the Defendant's expense, in a sex offender treatment program, which may include risk assessment testing, counseling and therapeutic polygraph examinations, and shall comply with all requirements of the treatment provider. The treatment is to be conducted by a therapist approved by the probation officer.

(App. 16.)

The District Court issued a warrant for Rissmiller's arrest and scheduled a hearing on the petition for revocation of supervised release. A "dispositional report" was prepared by the probation office in advance of the hearing. The report indicated that, pursuant to U.S.S.G. § 7B1.4(a), the advisory Guidelines range was three to nine months' imprisonment, based on a Grade C violation and a criminal history category of I.

During the ensuing hearing, Rissmiller did not contest the charge that his failure to abide by the treatment provider's requirements and termination from the sex offender treatment program violated a condition of supervised release. Instead, Rissmiller argued that his discharge from the treatment program warranted at most a six month stay in a half-way house. This District Court disagreed, stating:

> All right. I appreciate the arguments of counsel. I would like to find that Mr. Rissmiller is engaged in a harmless exercise of his right to own his sexual being, but I don't believe that's what has occurred here. He's already violated the Court's orders once and been revoked. And here, he is again deliberately seeking out materials, whether they are readily available on the legal market or otherwise

3

including a seemingly harmless photo book, that will support his interest in arousal by things related to children.

I find that the treatment provider was absolutely correct in rejecting him from the program. He has demonstrated a calculated effort to walk what I think is a dangerous line. He's been very cunning, very calculating in seeking out those materials that will give him the sexual satisfaction that he seeks while at the same time he believes staying within the lines.

He expresses surprise that these materials were outside the permissible materials in the treatment provider's agreement with him, but I don't think there was any surprise here at all. I think he knew exactly what he was doing and he is rightfully in violation not only of the treatment provider's agreement with him but of the Court's orders.

The Court finds that the Defendant, Timothy M. Rissmiller, has violated the terms and conditions of supervised release and, therefore, revokes the Defendant's term of supervised release.

Pursuant to the Sentencing Reform Act of 1984, and in view of the considerations expressed in 18 U.S.C. 3553(a), it is the judgment of the Court that the Defendant, Timothy Rissmiller, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months.

(App. 116-17.)

The District Court did not make any finding as to the applicable advisory Guideline imprisonment range. Moreover, and perhaps as a result, the record does not disclose the reason the District Court imposed a sentence that was tantamount to a variance above the advisory guideline range.[1]

_____

[1] Both Rissmiller and the Government agree that, under our precedents, the fact that Rissmiller recently completed the incarceration component of the supervised release revocation sentence does not moot this appeal because he is now subject to an additional

4

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 18 U.S.C. § 3742(a)(1)-(3) and 28 U.S.C. § 1291.

We review both the procedural and substantive reasonableness of a sentence following revocation of supervised release for abuse of discretion. *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). To satisfy the procedural requirements in imposing a sentence, "[a] sentencing court must (1) calculate the advisory Guidelines range, (2) formally rule on any departure motions and state how those rulings affect the advisory range, and (3) exercise its discretion pursuant to the factors set forth in § 3553(a)." *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013). In the revocation context, 18 U.S.C. § 3583(e) enumerates the relevant § 3553(a) factors that the district court must consider. While a district court "need not discuss and make findings as to each of the § 3553(a) factors," the district court must provide some statement that enables us to "understand the rationale by which [the] district court reache[d] a final sentence." *Clark*, 726 F.3d at 502 (alterations in original) (internal quotation marks omitted).

Rissmiller argues that the sentence the District Court imposed was procedurally unreasonable because it failed to give proper consideration to the relevant § 3553(a) factors and to explain its variance from the advisory Guidelines range. Our review of the record compels us to conclude that the District Court committed procedural error in imposing its sentence.

---

period of supervised release. *See, e.g., United States v. Carelock*, 459 F.3d 437, 438 n.1 (3d Cir. 2006).

First, contrary to the three-step procedural requirement for imposing a sentence referenced above, *see Clark*, 726 F.3d at 500, the District Court did not state what it found to be the applicable Guidelines range.[2] While the probation office's dispositional report included the relevant Guideline information, the District Court never referenced or adopted those calculations. Failure to calculate the Guidelines range thus constituted error.

Second, the District Court did not explain why it varied above the advisory guideline range and could have been more thorough in its discussion of the 3553(a) factors. Before finding that Rissmiller violated a special condition of his supervised release, the District Court observed that he had previously violated conditions during his

---

[2] Rissmiller did not object during sentencing to the District Court's failure to place a Guidelines calculation on the record. Therefore, we apply plain error review. Fed. R. Crim. P. 52(b). Thus, we will vacate the sentence only if we conclude that: (1) there was an error; (2) the error was "plain," that is, clear or obvious; (3) the error affects substantial rights, which "in most cases" means that the error was prejudicial; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-36 (1993). As explained in the text, the District Court's failure to place a Guidelines calculation on the record was an error, and the error is, in retrospect, obvious. As to elements 3 and 4, it appears that failure to calculate a Guidelines range is prejudicial and can be said to affect the fairness of the sentencing proceeding. "[D]ifferent procedures may lead to different sentences, and thus an error of procedure is seldom harmless. It is difficult to conclude that a District Court *would* have reached the same result in a given case merely because it *could* have reasonably imposed the same sentence on a defendant." *United States v. Vazquez-Lebron*, 582 F.3d 443, 447 (3d Cir. 2009). We have thus stated, though in dictum, that under plain error review, a "District Court's failure to calculate a final guidelines range – leaving us unable to review the procedural and substantive bases of the sentence – is an error that is plain, that affects the substantial rights of the parties, and that could seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011). For these reasons, neither Rissmiller's failure to directly raise this argument on appeal, nor his failure to object during sentencing, prevent us from granting relief in the present appeal.

6

first period of supervised release, which resulted in revocation, and, based on his conduct in the present proceeding, opined that he was "deliberately seeking out materials . . . that w[ould] support his interest in arousal by things related to children."  (App. 116.)  The District Court also expressed its belief that Rissmiller "knew exactly what he was doing" by obtaining materials that were legally available, yet violated the requirements of the treatment program.  The District Court also appeared to recognize the need for specific deterrence given Rissmiller's knowing and purposeful possession of suspect materials and the need to provide him custodial treatment given his failure to comply with the outpatient treatment requirements, which are all relevant considerations under Sections 3553(a) and 3583(e).

Those statements touch upon only the first § 3553(a) factor regarding "the nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).  In *Clark*, we recently vacated a sentence following revocation of supervised release where the district court "focused its § 3553(a) discussion on § 3553(a)(1)," but thereafter "merely enumerated the remaining § 3553(a) factors." *Clark*, 726 F.3d at 502-03.  Similarly, assuming the District Court's discussion in this matter related to § 3553(a)(1), the absence of any further substantive discussion of the relevant remaining § 3553(a) factors leaves us unable to "determine, from the record before us, that the court 'reasonably applied those factors to the circumstance of the case.'"  *Id.* at 503 (quoting *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007)).  For the same reasons, we are unable to review the reasonableness of a sentence that varies above the advisory guideline range.  The lack of elaboration in this case is

7

particularly problematic given that the District Court did not state the applicable Guidelines range on the record but, nevertheless, imposed a sentence above the probation officer's recommended Guidelines range.

Because of these procedural errors, we must conclude that the District Court imposed a procedurally unreasonable sentence, and therefore abused its discretion. As in *Grier*, "[w]e do not suggest that the original sentence reflects anything less than the sound judgment of the District Judge, or that the final sentence should necessarily differ from the one previously imposed." *Grier*, 475 F.3d at 572. But, we will require upon remand that the District Court expand upon its decision so as to explain the reasons for its variance and reflect meaningful consideration of the relevant § 3553(a) factors.

### III.

For the foregoing reasons, we will vacate the sentence of the District Court and remand for further proceedings consistent with this opinion.