**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

PHILIP MARTIN SADLER,
            *Defendant-Appellant.*

No. 06-10234

D.C. No.
CR-04-01419-RCC/
HCE

OPINION

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted
December 7, 2006—San Francisco, California

Filed March 1, 2007

Before: Myron H. Bright,* Dorothy W. Nelson, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon;
Concurrence by Judge Bright

---

*The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

**COUNSEL**

Harriette P. Levitt, Tucson, Arizona, for the appellant.

Celeste Corlett, Assistant United States Attorney, Tucson, Arizona, for the appellee.

# OPINION

BERZON, Circuit Judge:

The question we address concerns the application of two recent Supreme Court cases, *Eberhart v. United States*, 126 S. Ct. 403 (2005) (per curiam), and *Kontrick v. Ryan*, 540 U.S. 443 (2004), to Federal Rule of Appellate Procedure ("FRAP") 4(b). We have long assumed that FRAP 4 is, in general, "mandatory and jurisdictional," and therefore not forfeitable[1] or waivable. *Kontrick* and *Eberhart*, however, clarified that procedural rules formerly referred to as "mandatory and jurisdictional" may be, instead, simply "inflexible claim-processing rule[s]," mandatory if invoked by a party but forfeitable if not invoked. *See Eberhart*, 126 S. Ct. at 403, 407; *Kontrick*, 540 U.S. at 456. Looking closely at *Kontrick* and *Eberhart* to determine the proper boundary between the two varieties of procedural standards, we conclude that Rule 4(b) is not jurisdictional, but, instead, is forfeited if not invoked. Here, however, the defendant's arguments to the contrary notwithstanding, the government properly objected to the untimeliness of the appeal. Accordingly, we dismiss.

---

[1] Courts have generally not distinguished between the concepts of "waiver" and "forfeiture" when referring to a party's failure to timely object to a late-filed appeal. *See United States v. Moreno-Rivera*, 472 F.3d 49, 50 n.2 (2d Cir. 2006) (per curiam) (using "forfeiture" and "waiver" interchangeably); *United States v. Carelock*, 459 F.3d 437, 440 n.6 (3d Cir. 2006) (referring to same practice as waiver); *Bowles v. Russell*, 432 F.3d 668, 671-72 n.1 (6th Cir. 2005) (referring to same practice as forfeiture); *see also Kontrick*, 540 U.S. at 458 n.13 (recognizing that "jurists often use the words [forfeiture and waiver] interchangeably"). *Kontrick*, however, recognized that forfeiture is the correct term in this context, as it refers to "a failure to make the timely assertion of a right," while waiver concerns the "intentional relinquishment or abandonment of a known right." *Id.* (internal quotation marks omitted). We therefore refer to the failure to state a timely objection to the late filing of a notice of appeal as a forfeiture, and, for simplicity, discuss forfeiture rather than waiver in the text, as that is what is here at issue. The same analysis, however, would apply to affirmative waiver.

## BACKGROUND

On August 10, 2005, a jury found Philip Martin Sadler guilty of one count of conspiracy to transport illegal aliens for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1) (A)(v)(i), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i); and two counts of transporting illegal aliens for private financial gain and placing in jeopardy the life of an alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). The district court entered judgment against Sadler on December 5, 2005.

On December 1, 2005, Sadler's trial attorney filed a motion to withdraw as his attorney, indicating in the motion that he had already filed a notice of appeal on behalf of Sadler. The trial court granted the motion on December 16, 2005 and appointed replacement counsel to "represent the Defendant in all further proceeding[s], including but not limited to the appeal now pending before the Ninth Circuit Court of Appeals."

Sometime thereafter, Sadler's replacement counsel discovered that Sadler's trial attorney had never actually filed the notice of appeal. On March 1, 2006, Sadler's new counsel filed with the district court a motion entitled "Motion to Accept Delayed Notice of Appeal," as well as a notice of appeal based on an insufficiency of the evidence claim. The district court granted Sadler's motion "[t]o the extent [the district court] has the ability to do so."

On May 16, 2006, the Appellate Commissioner of this Court issued an order indicating that Sadler's notice of appeal was not timely filed under Federal Rule of Appellate Procedure 4(b) and ordering the parties to brief whether we have jurisdiction to hear the appeal in light of *Eberhart*. We consider that question next.

## DISCUSSION

### A. **Determining What is "Jurisdictional" after *Kontrick* and *Eberhart***

**[1]** With respect to the timing for filing a notice of appeal, FRAP 4 provides, in relevant part:

Rule 4. Appeal as of Right — When Taken

(a)  Appeal in a Civil Case.

(1)   Time for Filing a Notice of Appeal.

(A)  In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

. . .

(b)  Appeal in a Criminal Case.

(1)  Time for Filing a Notice of Appeal.

(A)  In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal. . . .

Fed. R. App. P. 4. Until recently, our caselaw was clear that compliance with the provisions of Rule 4 regarding the time

for filing a notice of appeal was both mandatory and jurisdictional. *See, e.g.*, *United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) (describing Rule 4(b)'s time requirement as "mandatory and jurisdictional"); *George v. Camacho*, 119 F.3d 1393, 1396 (9th Cir. 1997) (en banc) ("It is a well-settled principle that this court cannot hear an appeal that was not timely filed, as we have no jurisdiction to do so."); *Smith v. United States*, 425 F.2d 173, 174 (9th Cir. 1970) ("[I]t is settled that compliance [with Rule 4(b)'s timing requirements] is both mandatory and jurisdictional."); *see also* 15A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3901 (2d ed. 1992) ("The rule is well settled that failure to file a timely notice of appeal defeats the jurisdiction of a court of appeals."). The Supreme Court's recent decisions in *Kontrick* and *Eberhart*, however, have called that long-standing assumption into question.

**[2]** In *Kontrick*, 540 U.S. at 454, the Supreme Court expressed displeasure with the too-prevalent practice of applying the label "jurisdictional" loosely. Specifically, the Court explained that courts have tended to "classify[ ] time prescriptions . . . under the heading 'subject matter jurisdiction,' " a practice which "can be confounding." *Id.* at 455 (internal quotation marks and alterations omitted). Admitting culpability for being "less than meticulous in this regard" itself, the Court went on to declare that

> [c]larity would be facilitated if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.

*Id.*

Applying the distinction it had drawn, the Court held that Federal Rules of Bankruptcy 4004(a), (b) and 9006(b)(3),

which together govern the timing for the filing of a complaint opposing a debtor's discharge, did not affect the subject matter jurisdiction of the bankruptcy courts. *Id.* at 448, 453-54. Accordingly, under the more careful construction of the term "jurisdictional," the Court determined the rules in question to be nonjurisdictional but mandatory claim-processing rules — that is, subject to forfeiture but obligatory if not forfeited.

The Court came to this conclusion by comparing different sections of the statutory code governing the bankruptcy courts. Noting that under Article III of the Constitution "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction," *id.* at 452, the Court distinguished between bankruptcy statutory provisions that contain "built-in time constraints" and those that do not, *id.* at 453. It then noted that because "[t]he provision conferring jurisdiction over objections to discharge . . . contains no timeliness condition," such filings were governed by the time constraints contained in the Bankruptcy Rules, promulgated by the Court itself. *Id.* Because "it is axiomatic that such rules do not create or withdraw federal jurisdiction," *id.* (internal quotation marks and alteration omitted), the Court concluded that the timeliness provisions in question did not affect subject matter jurisdiction and were, instead, forfeitable claim-processing rules, *id.* at 454.

**[3]** Building on *Kontrick*, the Court in *Eberhart*, 126 S. Ct. at 405, addressed once again the distinction between rules prescribing the adjudicatory authority of the courts and "nonjurisdictional claim-processing rules," this time outside the bankruptcy context. *Eberhart* concerned whether a new trial motion that fails to comply with the timing requirements of Federal Rules of Criminal Procedure 33 and 45(b)(2) must be dismissed for lack of jurisdiction, even though the government did not assert the motion's untimeliness in the district court. The Court compared Rules 33 and 45(b)(2) with the bankruptcy provisions at issue in *Kontrick* and concluded that "[i]t is implausible that the Rules considered in *Kontrick* can

be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction." *Id.* at 405. *Eberhart* therefore declared that Rules 33 and 45 were nonjurisdictional and thus forfeitable. *Id.* at 407.

B.   **Jurisdictional Nature of Rule 4**

**[4]** Whether Rule 4's time limitations all remain jurisdictional after *Kontrick* and *Eberhart* is a question of first impression in this circuit. The courts of appeals that have acknowledged the possible impact of *Kontrick* and *Eberhart* on Rule 4 have largely avoided reaching any jurisdiction question.[2] *See Moreno-Rivera*, 472 F.3d at 50 n.2; *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006); *Burnley v. City of San Antonio*, 470 F.3d 189, 192 & n.1 (5th Cir. 2006); *Carelock*, 459 F.3d at 439-41 & n.6; *Bowles*, 432 F.3d at 671-72 n.1;[3] *cf. United States v. Smith*, 438 F.3d 796, 801 (7th Cir. 2006) (acknowledging issue but declining to address it because both parties characterized appeal as pertaining to post-judgment order, for which appeal was timely). A careful review of the reasoning of *Eberhart* and *Kontrick*, however, makes clear that while Rule 4(a), pertaining to civil appeals, is jurisdictional, Rule 4(b), covering only criminal appeals and here applicable, is not.

**[5]** The distinction between jurisdictional rules and inflexible but not jurisdictional timeliness rules drawn by *Eberhart* and *Kontrick* turns largely on whether the timeliness requirement is or is not grounded in a statute. *Kontrick* placed signif-

---

[2]The one case to address the issue squarely, *Alva v. Teen Help*, 469 F.3d 946 (10th Cir. 2006), is discussed below.

[3]The Supreme Court has granted certiorari in *Bowles v. Russell*. *See* 127 S. Ct. 763 (2006). The jurisdictional status of Rule 4 is not directly raised in the question presented, but may be implicated. *See* Supreme Court Docket: Questions Presented in *Bowles v. Russell*, http://www.supreme courtus.gov/qp/06-05306qp.p df (last visited Feb. 21, 2007).

icant emphasis on the fact that "[c]ertain statutory provisions governing bankruptcy courts contain built-in time constraints," while others, including the provisions at issue there, do not. 540 U.S. at 453. The former, statutory limitations implicate Congress's power under Article III to determine the subject matter jurisdiction of the lower federal courts, while the latter, rule-based time limitations derive only from Court-prescribed rules of practice and procedure. *Id.* at 452-54. Procedural rules created by the judiciary cannot shrink or expand the scope of federal jurisdiction. *See id.* at 453 (" '[I]t is axiomatic' that such rules 'do not create or withdraw federal jurisdiction.' " (alteration in original) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978))); *see also* 28 U.S.C. § 2072(b); *Snyder v. Harris*, 394 U.S. 332, 337-38 (1969) (recognizing that judicial "rulemaking authority [is] limited by 'the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute.' " (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10 (1941))). Rules provisions governing timeliness that do not implement congressionally mandated "built-in time constraints" are therefore properly considered nonjurisdictional limitations, subject to forfeiture. *Kontrick*, 540 U.S. at 453.

**[6]** Applying this distinction, it is apparent that Rule 4(a), applying to civil appeals, *is* both mandatory and jurisdictional. Congress has specifically limited our jurisdiction to hear civil appeals at 28 U.S.C. § 2107(a),**⁴** which codifies the same time constraints on the filing of civil appeals (but *only* civil appeals) that exist in Rule 4(a).**⁵** Significantly, *Kontrick* iden-

---

**⁴**Section 2107(a) provides:

(a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

**⁵**Both Rule 4(a) and 28 U.S.C. § 2107 provide for exceptions to the general rule that a notice of appeal in a civil case must be filed within thirty

tified Section 2107(a) as "a provision of a similar order" to the bankruptcy provisions, containing the sort of "built-in time constraints" the Court deemed jurisdictional. 540 U.S. at 453 n.8; *see also Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 159 n.6 (2003) (recognizing that "some time limits are jurisdictional even though expressed in a separate statutory section from jurisdictional grants," and citing 28 U.S.C. § 2107 as an example). Thus, because the time constraints outlined in Rule 4(a) implement the limitations Congress imposed on this Court by statute, we must dismiss civil appeals that are untimely for lack of jurisdiction, whether or not the parties raise the issue.

In the only case to directly address the proper categorization of Rule 4 since *Kontrick* and *Eberhart* changed the landscape, the Tenth Circuit reached the same conclusion we do regarding Rule 4(a). The court held recently that "[n]either

---

days. The exceptions are, for the most part, substantively the same. *Compare* 28 U.S.C. § 2107(b) (providing sixty days for appeal where the United States or its officer or agency is a party), *with* Fed. R. App. P. 4(a)(1)(B) (same), *and* 28 U.S.C. § 2107(c) (permitting district court, "upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice," to reopen time for appeal for 14 days where the party did not receive notice of entry of the appealable judgment or order within 21 days of its filing), *with* Fed. R. App. P. 4(a)(5) (same).

The exceptions, however, are not entirely coextensive. The rule and statute each permit a district court, upon a party's motion filed no more than 30 days after the normal period for appeal has expired, to extend the time for a civil appeal upon a showing of "excusable neglect or good cause." *Compare* 28 U.S.C. § 2107(c), *with* Fed. R. App. P. 4(a)(5)(A). Section 2107 does not place a cap on the length of this extension. *See* 28 U.S.C. § 2107(c). FRAP 4(a)(5)(C), however, specifies that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." We do not decide, because the issue is not here pertinent, whether the cap on the length of extension permitted by the district court is subject to forfeiture when an objection is not properly raised.

*Eberhart* nor *Kontrick* affects the jurisdictional nature of the timely filing of an [sic] civil appeal." *Alva v. Teen Help*, 469 F.3d 946, 952-53 (10th Cir. 2006). The *Alva* court applied the logic outlined above in reaching its conclusion.

*Alva* involved an untimely civil appeal, so the court's holding was limited to Rule 4(a). However, the Tenth Circuit went on to state in dicta that, although there is no corollary to Section 2071 creating congressionally mandated time constraints for criminal appeals, it "did not believe the absence of a statute affects the jurisdictional nature of a timely notice of appeal in a criminal case." *Id.* at 953 n.13. The court identified two bases for this conclusion: (1) that *United States v. Robinson*, 361 U.S. 220 (1960), remains good law after *Kontrick* and *Eberhart*; and (2) that "the rule establishing the time limit for filing a criminal appeal was authorized by Congress." *Id.* Because we believe that neither ground supports the conclusion that Rule 4(b) is jurisdictional, we decline to follow *Alva*'s dicta and instead hold the Rule's timing limitations for criminal appeals, applicable here, are subject to forfeiture.

**[7]** Critical to our conclusion is that there is no statute imposing Rule 4(b)'s time restrictions — or any other — on would-be criminal appellants.[6] Congress's general authorization of federal court procedural rules[7] cannot fill the statutory gap. *Kontrick* clearly states that only timeliness standards

---

[6]The only statutory reference to the timing of criminal appeals we uncovered is at 18 U.S.C. § 3732. Entitled "Taking of appeal; notice; time — (Rule)," the provision lacks any substantive content. It merely directs readers to "SEE FEDERAL RULES OF CRIMINAL PROCEDURE" and continues, "Taking appeal; notice, contents, signing; time, Rule 37(a)." *Id.* As the historical notes indicate, Federal Rule of Criminal Procedure 37 is now at Federal Rules of Appellate Procedure 3 and 4. *Id.* references and text.

[7]*See* 28 U.S.C. § 2072(a) ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . and courts of appeals.").

affecting our adjudicatory *authority* are jurisdictional, and that "[o]nly Congress may determine a lower court's subject-matter jurisdiction." 540 U.S. at 452. While Congress authorized the Supreme Court to create rules governing the practice and procedure of both bankruptcy cases, *see* 28 U.S.C. § 2075, and the lower federal courts, *see id.* § 2072, *Kontrick* expressly declared that time constraints arising only from Court-prescribed, albeit congressionally authorized, procedural rules are not jurisdictional. 540 U.S. at 453.

*Eberhart* did explicitly distinguish *Robinson*,[8] an earlier Supreme Court case concerning the timeliness of appeals, so *Robinson*'s holding remains good law. *See Eberhart*, 126 S. Ct. at 405 ("We need not overrule *Robinson* . . . to characterize Rules 33 and 45 as claim-processing rules."). But that circumstance supports rather than detracts from our conclusion that Rule 4(b) is not jurisdictional.

In *Robinson*, the criminal defendants filed their notices of appeal eleven days late.[9] 361 U.S. at 221. Rather than addressing the merits of the appeals, the government moved the Seventh Circuit to dismiss the untimely appeals for lack of

---

[8]The *Kontrick* Court did not discuss *Robinson* in any depth, but did cite it as an example of a case in which the label "jurisdictional" was applied too loosely. *See* 540 U.S. at 454.

[9]Federal Rule of Criminal Procedure 37 governed the timing of criminal appeals at the time *Robinson* was decided. Rule 37(a)(2) provided, in relevant part:

> Time for Taking Appeal. An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. . . .

*Robinson*, 361 U.S. at 222 n.3. Rule 37(a)(2) is now codified at Rule 4(b) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4 advisory committee's note (1967 adoption) ("Subdivision (b). This subdivision is derived from FRCrP 37(a)(2) without change of substance.").

jurisdiction. *Id.* The Seventh Circuit concluded that jurisdiction was possible, reasoning that Federal Rule of Criminal Procedure 45(b) could expand the time to appeal if the district court found the tardiness was due to "excusable neglect," *id.* at 222, and remanded for clarification on that point; the district court then found excusable neglect. *Id.* The court of appeals consequently accepted the appeal. *Id.* The Supreme Court reversed, finding that Rule 45(b) did not expand the time for appeal prescribed in Rule 37. *Id.* at 229. In doing so, the Court repeatedly characterized the timely filing of a notice of appeal as "mandatory and jurisdictional." *Id.* at 224, 229.

A close reading of *Eberhart* makes clear that *Robinson* is referred to as a prime example of the Court's earlier *inaccurate* use of the word "jurisdictional." Pinpointing *Robinson* as an early and oft-relied upon source for the incorrect notion that inflexible timing rules are "mandatory and jurisdictional," the *Eberhart* Court clarified that *Robinson* did not need to be overruled because it "d[id] not hold the limits of the Rules to be jurisdictional in the proper sense that *Kontrick* describes." 126 S. Ct. at 405.

In other words, as explained in *Eberhart*, *Robinson* dismissed the untimely appeal because it was *mandatory* to do so once lack of timeliness was invoked, not because it was *jurisdictionally required*. As *Eberhart* describes it, *Robinson*'s "narrow and unremarkable holding" is simply that "when the Government object[s] to a filing untimely under Rule 37 [now FRAP 4(b)], the court's duty to dismiss the appeal [is] mandatory." *Id.* at 406. *Robinson*'s holding is therefore unaffected by *Kontrick*'s clarification that the label "jurisdictional" only applies to rules that circumscribe the subject-matter or personal jurisdiction of the courts. Finding that courts *must* apply a timeliness rule when a party properly invokes it, as in *Robinson*, is not the same as finding that "limits like those in Rule 33 are not forfeitable when they are *not* properly invoked," as was the case in *Eberhart*. *Id.*; *see also id.* ("*Robinson* is correct not because the District Court

lacked *subject-matter jurisdiction*, but because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked."). The latter holding implicates jurisdiction, and consequently *Kontrick*'s rule, while the former does not.

In short, while *Kontrick* and *Eberhart* do not overrule *Robinson*, they make clear that it is not properly understood as a jurisdictional case. Moreover, *Eberhart* gives us an additional reason to conclude that Rule 4(b) is nonjurisdictional. The Court characterizes the "net effect" of *Robinson*, when "viewed through the clarifying lens of *Kontrick*," as

> to admonish the Government that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often.

*Id.* at 406-07. The clear implication of this statement is that the timeliness dictates of Rule 4(b) *are* forfeitable, because Rule 4(b) is a nonjurisdictional claim-processing rule.

[8] Accordingly, we hold that the timeliness dictates of Rule 4(b), governing criminal appeals like the one at bar, are subject to forfeiture by unvigilant parties. The government, after having originally contested this issue in its brief, ultimately conceded it shortly before oral argument. The government still asserts, however, that the instant appeal must be dismissed because it properly objected to Sadler's late-filed notice of appeal. We consider that issue next.

## C.   **Propriety of the Government's Objection**

[9] Of course, to invoke an inflexible claim-processing rule effectively, the timeliness objection must itself be proper. Absent a timely and otherwise appropriate invocation of an inflexible but not jurisdictional claim-processing rule, we are

not obliged to enforce the rule.[10] *See Eberhart*, 126 S. Ct. at 407. Sadler asserts that the government forfeited its right to object to this appeal on untimeliness grounds in either of two ways. First, Sadler argues that the government's failure to raise the untimeliness defense before the district court constitutes a forfeiture. Second, Sadler maintains that the government forfeited the untimeliness defense by failing to file a motion to dismiss in this Court, waiting instead to raise the issue in its opposition brief. We disagree with both contentions and conclude that the objection was properly raised.

**[10]** As to the first contention: We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process. *Robinson* so recognized, holding that the government's filing of a motion to dismiss for untimeliness with the circuit court was sufficient to invoke the jurisdictional bar. *See* 361 U.S. at 221. This determination is also in line with caselaw from other circuits addressing compliance with Rule 4 in light of *Eberhart*. *See, e.g.*, *Burnley*, 470 F.3d at 192 & n.1 (finding *Eberhart* inapplicable where appellee raised Rule 4 violation at circuit court level); *Carelock*, 459 F.3d at 439-40 & n.6 (same); *Bowles*, 432 F.3d at

---

**[10]**We are sympathetic to Judge Bright's belief that courts *ought* to be able to consider fairness and equity when deciding whether to enforce Rule 4(b)'s timeliness dictates. Indeed, this case is an example of one in which we would consider declining to do so if given the choice. As the district court recognized, the substitute counsel was misled by the former counsel's papers into believing the notice of appeal had been filed when it had not been, and there is no indication of prejudice to the government. While *Eberhart* and *Kontrick* have clarified that Rule 4(b) is not jurisdictional, however, those cases do not upset our long-standing precedent that the timely filing of a notice of appeal is mandatory, meaning we must enforce the rule when it is properly invoked. *See United States v. Eccles*, 850 F.2d 1357, 1363 (9th Cir. 1988) (describing compliance with Rule 4(b) as *both* mandatory and jurisdictional); *Smith*, 425 F.2d at 174 (same); *see also In re John-Manville Corp.*, No. 06-2320-bk, ___ F.3d ___, 2007 WL 106516, at *4 (2d Cir. Jan. 17, 2007) (finding "excusable neglect" irrelevant to Rule 4(a) determination because, under *Eberhart*, "a court must strictly enforce the time limit if an adverse party invokes it").

672 n.1 ("The government did not, *nor did it need to*, oppose Bowles's Rule 4(a)(6) motion in the district court. Instead, it objected to the timeliness of the appeal in its brief [to the appellate court]." (emphasis added)).

The facts in *Eberhart* are distinguishable on this point. The *Eberhart* Court was addressing forfeiture in the context of a Federal Rule of Criminal Procedure 33 motion for a new trial. The government had ignored the timeliness issue in its opposition to the new trial motion filed with the district court, addressing only the merits. *Eberhart*, 126 S. Ct. at 404. The district court was the appropriate arbiter of the issue, as it retained jurisdiction over the case until it disposed of the motion for a new trial. *See* Fed. R. App. P. 4(b)(3)(B); *see also* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3950.10 (3d ed. 1999) ("[A] notice of appeal filed before the disposition of any of the posttrial tolling motions [including a motion for new trial under Federal Rule of Criminal Procedure 33] becomes effective upon disposition of those motions."); *cf. United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990) ("The district court has inherent jurisdiction within the time allowed for appeal to modify its judgment for errors of fact or law or even to revoke a judgment."). Thus, *Eberhart* held, the government's objection at the circuit level was too late, as the government had forfeited the untimeliness defense by not raising it in the district court when it had the chance. 126 S. Ct. at 403-04, 407.

**[11]** The instant case, however, involves the timing of the filing of a notice of appeal, rather than a motion within the purview of the district court. Once a notice of appeal is filed, the district court loses jurisdiction over a case. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The

government therefore acted correctly by asserting its objection in our court rather than the district court.

**[12]** As to the second contention — that the objection should have been made in a motion to dismiss in this Court: We do entertain objections to the timeliness of appeals on motions to dismiss filed before briefing. Filing such motions can provide both the litigants and this Court with an expeditious way to determine the viability of an appeal, saving fees for the clients and enabling the Court to decide a case summarily if the objection is well taken. No rule exists in this circuit, however, *requiring* an appellee to raise any objection to the timeliness of the appeal prior to briefing. Moreover, the Appellate Commissioner's order, issued shortly after Sadler's replacement counsel filed the notice of appeal, specifically directed both parties to brief the timeliness issue, indicating that the inclusion of the argument in the normal course of appellate briefing was appropriate. We note that courts in other circuits considering this issue have also found that raising the untimeliness argument in briefing, as opposed to in a motion to dismiss, was sufficient to invoke Rule 4's protections. *Compare Moreno-Rivera*, 472 F.3d at 50 n.2 (finding no forfeiture because the government "properly raised the untimely nature of Moreno-Rivera's notice of appeal in its motion to dismiss"), *with Carelock*, 459 F.3d at 439-40 & n.6 (finding Rule 4 objection proper when raised in briefing responding to circuit clerk's order to show cause), *and Bowles*, 432 F.3d at 672 n.1 (finding respondent "never forfeited his right to strict adherence to Rule 4" because the government "objected to the timeliness of the appeal in its brief" to the circuit court).

## CONCLUSION

**[13]** In sum, we hold that FRAP 4(b), unlike FRAP 4(a), is a nonjurisdictional claim-processing rule subject to forfeiture. Because the government properly raised the untimeliness argument in the instant case, however, we are required to dis-

miss Sadler's appeal. *See Eberhart*, 126 S. Ct. at 406 (holding *Robinson* stands for the still-valid proposition that "when the Government object[s] to a filing untimely under Rule 37 [now FRAP 4(b)], the court's duty to dismiss the appeal [is] mandatory").

**DISMISSED.**

---

BRIGHT, concurring separately:

I concur in the result reached by the majority. In this case, I agree that Sadler's untimely notice of appeal, *see* Federal Rule of Appellate Procedure 4(b), should be dismissed on the government's objection, which was first raised in its opening brief.

I add a caveat. I believe circumstances could arise in a criminal appeal in which a federal court could properly reject the government's Rule 4(b) objection, made to the late filed appeal of a defendant.

However, such a case is not before us at this time.