**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Arieta YAMAGUCHI, Defendant—**
**Appellant.**

**No. 05–10528.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2007.*

Filed June 26, 2007.

Loretta A. Sheehan, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Shawn A. Luiz, Esq., Law Offices, Honolulu, HI, for Defendant–Appellant.

Arieta Yamaguchi, Dublin, CA, pro se.

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Arieta Yamaguchi failed to file a notice of appeal within ten days of the entry of judgment. *See* Fed. R.App. P. 4(b)(1). The Commissioner's Order of October 11, 2005, dealt with the styling of the appeal, which we interpreted as an attempted direct criminal appeal, and did not determine whether any appeal was timely. While filing a notice of appeal within sixty days of the entry of judgment would suffice for a habeas case, *see* Fed. R.App. P. 4(a)(1)(B), a notice of appeal for a direct criminal appeal must be filed within ten days, *see id.* at 4(b)(1). Because the government raised the untimely nature of the notice in its responsive brief, we must dismiss the appeal for noncompliance with Rule 4(b). *See United States v. Sadler,* 480 F.3d 932, 939, 940 n. 10 (9th Cir.2007).

Were we to entertain the appeal, we would deny it. Having elected to represent herself after sufficient warning of the dangers of doing so, Yamaguchi is precluded from arguing that her self-representation was ineffective. *See United States v. Lopez–Osuna,* 242 F.3d 1191, 1200 (9th Cir.2000); *see also Bribiesca v. Galaza,* 215 F.3d 1015, 1020 (9th Cir.2000) ("In deciding whether a defendant has knowingly and intelligently decided to represent himself, the trial court is to look not to the quality of his representation, but rather to the quality of his decision.").

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

