**NOT FOR PUBLICATION**

JAN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY JONES, on behalf of her minor child, C.J., | No. 11-56167 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07201-JFW-PJW |
| and | |
| CHELSEA JONES, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| BEVERLY HILLS UNIFIED SCHOOL DISTRICT, | |
| Defendant - Appellee, | |
| and | |
| NOOSHIN MESHKATY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Mary Jones appeals pro se from the district court's judgment dismissing her action alleging discrimination in school athletics under 42 U.S.C. § 1983 and Title IX. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Jones's claims alleging sex discrimination and retaliation in violation of Title IX because Jones did not allege that defendants retaliated or discriminated against her. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (to prevail in a retaliation claim under Title IX, a plaintiff must show that defendants retaliated against her because she complained of sex discrimination); *Cannon v. Univ. of Chi.*, 441 U.S. 677, 694 (1979) (Title IX protects "persons discriminated against on the basis of sex").

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

11-56167

To the extent that Jones alleged § 1983 claims in the operative complaint, dismissal of those claims was proper because they are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251-54 (9th Cir. 1992) (holding that school district in California was a state agency for purposes of the Eleventh Amendment); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]").

We do not have jurisdiction over the portion of the judgment dismissing Chelsea Jones's claims because Chelsea Jones did not sign the Notice of Appeal and was no longer a minor when it was filed. *See* Fed. R. App. P. 3(c)(2); Fed. R. App. P. 4(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (Rule 4(a) is both mandatory and jurisdictional); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a nonattorney does not have authority to appear as an attorney for others).

Jones's contention that the district court erred in referring the matter to a magistrate judge is unpersuasive.

**AFFIRMED.**