
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDMUND C. OLSON, as Trustee of the Edmund C. Olson Trust No.2, U/A Dated August 21, 1985, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> HAN KAMAKANI PHUA; ABEL SIMEONA LUI, <br><br> Defendants - Appellants. | No. 12-15251 <br><br> D.C. No. 1:10-cv-00691-ACK-RLP <br><br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted July 22, 2014<sup>**</sup>

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Abel Simeona Lui appeals pro se from the district court's summary

judgment in favor of plaintiff, Edmund C. Olson, as trustee of the Edmund C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Olson Trust No. 2, in the Trust's diversity action seeking declaratory and injunctive relief in connection with defendants' non-consensual liens on real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we affirm.

We reject Lui's argument that the district court violated his procedural due process rights by deciding the Trust's noticed motion for summary judgment without first issuing a formal scheduling order, where Lui opposed the motion and appeared at the hearing. *See Guenther v. Comm'r*, 889 F.2d 882, 884 (9th Cir. 1989) (order) ("Notice and an opportunity to be heard are the hallmarks of procedural due process.").

We do not consider arguments raised for the first time on appeal, including Lui's arguments concerning res judicata or collateral estoppel and alleged perjury or fraud. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We lack jurisdiction to consider the district court's order granting the Trust's motion for reconsideration because Lui failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

We do not have jurisdiction over the portion of the judgment as to Han Kamakani Phua because Phua did not sign the Notice of Appeal. *See* Fed. R. App.

P. 3(c)(2); Fed. R. App. P. 4(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (Rule 4(a) is both mandatory and jurisdictional); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a nonattorney does not have authority to appear as an attorney for others).

**AFFIRMED.**