**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50376 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00552-WQH-1 |
| v. | |
| LUIS SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 12, 2014
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

Luis Sanchez appeals his jury conviction and sentence for one count of

importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm. *See United States v. Sadler*,

480 F.3d 932, 940 (9th Cir. 2007) (holding that Rule 4(b) of the Federal Rules of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellate Procedure, unlike Rule 4(a), is a non-jurisdictional claim-processing rule subject to forfeiture).

First, the district court did not plainly err when it allowed the border officer to explain why he directed Sanchez's car to a secondary inspection lot. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see United States v. Wycoff*, 545 F.2d 679, 681 (9th Cir. 1977) (concluding that evidence showing a criminal defendant was advised of his rights was relevant "to lay a proper foundation for the admission of any statements given" later by the defendant). Here, the border officer's reasons for referring Sanchez's car to the secondary inspection lot explain how the car, which moved across the border from Mexico into the United States, was searched and the methamphetamine was found. The border officer's reasons for referring Sanchez's car to another lot for further inspection laid a proper foundation to prove (1) importation of (2) methamphetamine, elements of the offense of conviction. *See United States v. Munoz*, 412 F.3d 1043, 1050 (9th Cir. 2005) (finding evidence of an inspector's observations relevant as both circumstantial evidence of the defendant's state of mind and evidence tending to provide the jury "context in which to assess" the defendant's state of mind).

Second, the district court did not plainly err by admitting Richard Thompson's testimony about his prior drug-smuggling activities with Sanchez. *See* Fed. R. Evid. 404(b). There is a logical connection between Sanchez's prior drug-smuggling activities with Thompson and Sanchez's act of driving methamphetamine across the United States-Mexico border, particularly because those prior drug-smuggling activities tend to show knowledge, training, and eagerness on the part of Sanchez to learn more about drug smuggling. *See United States v. Mayans*, 17 F.3d 1174, 1181–82 (9th Cir. 1994) (requiring the government to prove a "logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act"). The evidence of prior drug smuggling tends to show that Sanchez knew that he was importing methamphetamine rather than unwittingly driving it across the border.

Finally, the district court's decision not to apply a "minor role" downward adjustment to Sanchez's base offense level at sentencing pursuant to U.S.S.G. § 3B1.2(b) was not clearly erroneous. Sanchez challenges no specific factual findings related to this decision, despite the provision's Application Note that states, in relevant part, "[t]he determination whether to apply . . . subsection (b) . . . is based on the totality of the circumstances and involves a determination that is

3

heavily dependent upon the facts of the particular case." *Id.* cmt. n.3(C). It was his burden to show that he was substantially less culpable than a typical participant in such a drug-smuggling offense, but he submitted no evidence that his role was less than that of a typical drug smuggler. In denying a minor role adjustment, the court expressly noted the absence of evidence to meet Sanchez's burden; found that Sanchez was smuggling a large quantity of methamphetamine, more than five kilograms; and found evidence of Sanchez's active efforts to become involved in the smuggling operation.

**AFFIRMED.**