**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30240 |
| Plaintiff-Appellee, | D.C. No. 1:11-cr-00033-SPW |
| v. | |
| SUSAN LAFORGE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Susan Laforge appeals from the 6-month sentence and 30-month term of

supervised release imposed upon revocation of supervised release, as well as the

district court's order denying her pro se motion to revise her term of supervised

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part and dismiss in part.

Laforge argues that her sentence is substantively unreasonable.  Laforge's notice of appeal was filed over four months after the entry of judgment.  Her appeal of her sentence is, therefore, untimely.  *See* Fed. R. App. P. 4(b)(1)(A).  Because the government has properly objected to the untimeliness, we dismiss Laforge's appeal of her sentence.  *See United States v. Sadler*, 480 F.3d 932, 942 (9th Cir. 2007).

Laforge's pro se notice of appeal reflects that she is also challenging the district court's denial of her motion to revise her term of supervised release.  Laforge's appeal from that denial is timely, but lacks merit.  As the district court stated, it had no authority to terminate Laforge's term of supervised release at the time she filed her motion.  *See* 18 U.S.C. § 3583(e)(1) (a district court may terminate a term of supervised release but only "after the expiration of one year of supervised release").

**AFFIRMED in part; DISMISSED in part.**