**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50244 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02557-BEN-1 |
| v. | |
| DONNELL THOMAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted October 5, 2017
Portland, Oregon

Before: O'SCANNLAIN, PAEZ, and BEA, Circuit Judges.

Donnell Thomas appeals the district court's order extending his pretrial commitment. Because Thomas did not file the notice of appeal within fourteen days of the district court's order as required by Federal Rule of Appellate Procedure 4(b), we dismiss it as untimely.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Following a competency evaluation and hearing, the district court found Thomas incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d)(1), the court committed Thomas to a mental health facility for up to 120 days to determine whether there was a substantial probability he could attain competency in the foreseeable future. Over Thomas's objection, the court subsequently extended his commitment under section 4241(d)(2)(A) by up to 120 additional days, stating in its order that "there is a substantial probability that with an additional 120 days of commitment the Defendant will attain the capacity to permit the proceedings to go forward."[1] Forty-five days after the court entered the extension order, Thomas filed his notice of appeal.

On appeal, Thomas challenges the extension order on statutory and constitutional grounds, arguing, *inter alia*, that prior to extending his commitment the district court was required to hold a hearing to determine whether there was a substantial probability that he would attain competency within an additional reasonable time. The extended commitment period was set to expire on November 11, 2017, but while this appeal was pending, Thomas's primary clinician determined that he had attained competency, thus triggering discharge proceedings

---

[1] The district court later acknowledged that it may not have noticed Thomas's objection before signing the extension order.

2

and a competency hearing before the district court. *See* §§ 4241(e), 4247(d). The government moved to dismiss this appeal, arguing that the primary clinician's determination rendered it moot.

We do not reach the merits or decide whether this appeal is moot, because we dismiss it as untimely under Rule 4(b). Rule 4(b) is an "inflexible claim processing rule." *United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007). Thus, if a defendant in a criminal case fails to file a notice of appeal within fourteen days of the entry of the order being appealed, dismissal is required unless the government forfeits the defense. *Id.* at 941-42; *see* Fed. R. App. P. 4(b)(1)(A). The defense of untimeliness is not forfeited when, as here, the government raises it in an appellate brief. *Sadler*, 480 F.3d at 941.

The district court entered the extension order on the docket on May 19, 2017. Under Rule 4(b), Thomas had until June 2, 2017 to file his notice of appeal. Instead, he filed his notice of appeal on July 3, 2017, a month past the deadline.

Thomas argues that he filed his notice of appeal from an order entered at a hearing held before the district court on June 26, 2017. Thomas asserts that the actual order he appealed can be inferred fairly from the notice of appeal, which describes the order under appeal as the "Court's order to extend time under 18 U.S.C. § 4241 entered in this proceeding on the 26th day of June[,] 2017."

3

We reject this argument because the district court did not enter the commitment extension order, or any other order, on June 26, 2017. The record reflects that the district court did not intend to hold a hearing on that date, having previously vacated and rescheduled it to November 13, 2017, as part of the commitment extension order. Nonetheless, for reasons that are unclear, the hearing remained on the calendar and counsel appeared. At the hearing, the district court declined to reconsider the extension order over the "objection" orally renewed by Thomas's counsel.[2] The district judge did not state that he was entering an order at the hearing, nor does the minute entry on the docket sheet state that an order was entered. Thus, the minute entry did not constitute an order for notice of appeal purposes. *See Ingram v. AcandS, Inc.*, 977 F.2d 1332, 1338-39 (9th Cir. 1992).

Finally, Thomas requests in the alternative that we remand this case to the district court to determine whether excusable neglect warrants a thirty-day extension of the appeal period, which would render this appeal timely by one day. *See* Rule 4(b)(4). We decline to do so here.

DISMISSED.

---

[2] Thomas's counsel purported to raise an oral objection at the hearing, but counsel was instead "taking an exception" to the court's previous order. *See United States v. Mancinas-Flores*, 588 F.3d 677, 686 (9th Cir. 2009).