NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CELIA REGINA FONTES CARVALHO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70785

Agency No. A205-272-879

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020[**]
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Celia Regina Fontes Carvalho, a native and citizen of Brazil, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  The parties are

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

familiar with the facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and deny it in part.

We deny Carvalho's challenge to the lack of time and date information in her notice to appear because—regardless of the merits—the purported claim-processing error was not timely raised. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("Absent a timely … invocation of … [a] claim-processing rule, we are not obliged to enforce the rule."). The "essential function" of a notice to appear is to "[c]onvey … time-and-place information to a noncitizen" and "facilitate appearance at [the] proceedings." *Pereira v. Sessions*, 138 S. Ct. 2105, 2115 (2018). Here, the agency eventually provided the information in a notice of hearing, and Carvalho fully participated in the proceedings by making an appearance, offering evidence and testimony, and appealing to the BIA.

The agency did not err in finding no nexus between the harm and a protected ground under either the "one central reason" standard for the asylum claim, or "a reason" standard for the withholding-of-removal claim. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). Although it is possible that the domestic partner's generally violent nature was not the sole reason for abusing Carvalho, Carvalho failed to show that she was targeted "on account of" belonging to the social group, "members of the Fortes–Carvalho family." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).

2

The other social groups do not save Carvalho's application. We lack jurisdiction to address the proposed social group—"Brazilian women in a domestic relationship who are viewed as property"—because it was not presented to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Nor do we consider the social groups "women" and "women in Brazil," which were not "the grounds relied upon by [the] agency." *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citation omitted). Finally, substantial evidence supports the agency's conclusion that Carvalho did not belong to the social group, "Brazilian women in a domestic relationship they are unable to leave." *See Reyes*, 842 F.3d at 1132 n.3.

Substantial evidence also supports the agency's denial of Carvalho's CAT claim because Carvalho failed to show that it is more likely than not that she would be tortured by or with the consent or acquiescence of the Brazilian government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (that "the police were aware of a particular crime, but failed to bring the perpetrators to justice" is "not … sufficient to establish acquiescence in the crime").

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**