**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLADIS AMANDA HERRERA-PERDOMO; et al., | No. 18-73505 |
| Petitioners, | Agency Nos. A209-156-527 A209-156-528 A209-156-529 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2020**
Seattle, Washington

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Petitioners Gladis Amanda Herrera-Perdomo and her two minor children petition for review of the Board of Immigration Appeals' (BIA) order dismissing their appeal of an Immigration Judge's decision denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review de novo the BIA's determinations on questions of law and mixed questions of law and fact. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We review for substantial evidence the BIA's factual findings. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). We deny the petition in part and dismiss in part.

1. Initial notices to appear need not include the time and date of the removal hearing to vest the Immigration Court with jurisdiction. *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–62 (9th Cir. 2019). *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) simply has no application to claims arising from these circumstances. *Karingithi*, 913 F.3d at 1161. We deny petitioners' claim-processing argument because it was not timely raised. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("Absent a timely and otherwise appropriate invocation of an inflexible but not jurisdictional claim-processing rule, we are not obliged to enforce the rule.").

2. The record shows that Herrera-Perdomo twice moved out of her in-laws' home where she lived with her husband; she only cohabitated with her husband for a year at most; and there was no evidence that her husband or his family tried to prevent her from leaving. Further, she testified that her husband did not provide financial support for their children and that she chose not to pursue a divorce due to the cost. Substantial evidence supports the BIA's determination that Herrera-Perdomo did not establish she was unable to leave her relationship. Accordingly, she did not establish that she was a member of the proposed social group "married Honduran women who are unable to leave their relationship." We need not reach whether the proposed social group is cognizable.

3. Substantial evidence supports the BIA's conclusion that petitioners failed to show that "witnesses who report domestic violence" is a cognizable particular social group. "'Social distinction' should be determined through a case-by-case, 'evidence-based inquiry as to whether the relevant society recognizes [the] proposed social group,'" *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)), and the record here contains no evidence tending to show that Honduran society views "witnesses who report domestic violence" as a distinct social group.

4.  Petitioners failed to exhaust claims relating to the other social groups they propose for the first time before this court, and we dismiss this portion of the petition for lack of jurisdiction.  8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that a petitioner fails to exhaust claims not raised in a brief before the BIA).

5.  The BIA's denial of CAT relief was supported by substantial evidence because petitioners did not show that the Honduran government would consent or acquiesce to any torture of petitioners.  *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. 208.18(a)(1)).  The record evidence shows that Herrera-Perdomo successfully obtained a restraining order against her husband, she went to court to force her husband to pay off credit card debt he had incurred in her name, and she initiated but did not complete legal action to force her husband to pay child support.  On this record, the BIA did not err by concluding that petitioners did not show that the government would consent or acquiesce to torture.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

4