**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERRYON FITZGERALD MOORE III,

Defendant - Appellant.

No. 24-1937

D.C. No.
2:22-cr-50174-DWL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted February 18, 2025[**]

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Berryon Fitzgerald Moore III appeals from the district court's order

revoking his supervised release and challenges three conditions of supervision.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As a preliminary matter, the parties dispute whether this appeal is timely.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The government contends that Moore's pro se notice of appeal was deficient because he was counseled and failed to provide proof of timely mailing, while Moore attests that he gave the notice of appeal to prison officials within 14 days of the district court's order. We do not resolve this issue, *see United States v. Sadler*, 480 F.3d 932, 941-42 (9th Cir. 2007) (timely notice of appeal is not jurisdictional in a criminal case), and instead affirm on the merits.

Moore challenges the conditions requiring him to: (1) reside at a halfway house for 180 days upon release from custody; (2) take domestic violence training; and (3) avoid physical contact with his wife, but this condition will be reassessed after he completes domestic violence training. Moore contends that these conditions are substantively unreasonable because they are improperly based on allegations of a domestic violence incident that he never admitted.

The district court did not abuse its discretion in imposing the conditions. *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). The court thoroughly explained why the challenged conditions were appropriate, and it crafted them to ensure they did not involve a greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(2); *Wolf Child*, 699 F.3d at 1093. Moreover, the record supports the court's conclusions. *See Wolf Child*, 699 F.3d at 1090.

**AFFIRMED.**