NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEIHINAHINA SULLIVAN, AKA Jen,
AKA Jennifer Sullivan, AKA Jennifer,
AKA Lei Sullivan, AKA Lei,

Defendant - Appellant.

No. 25-1982

D.C. No.
1:21-cr-00096-JMS-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted November 12, 2025**

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Leihinahina Sullivan appeals pro se from the district court's orders denying

her motion for a sentence reduction and denying reconsideration. We have

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Sullivan sought a sentence reduction based on Amendment 826 to the Guidelines, which prohibits consideration of acquitted conduct. *See* U.S.S.G. § 1B1.3(c). We agree with the district court that Sullivan is ineligible for a reduction under this amendment. The district court did not consider any acquitted conduct at sentencing. As explained by the Sentencing Commission, "[a]cquitted conduct is unique, and this amendment does not comment on the use of uncharged, dismissed, or other relevant conduct as defined in § 1B1.3 for purposes of calculating the guideline range." U.S.S.G., app C., amend. 826, at 263 (Nov. 2025) (Reason for Amendment). Moreover, even if applicable, Sullivan was sentenced before the amendment became effective, and the amendment is not retroactive. *See* U.S.S.G. § 1B1.10(d).

**AFFIRMED.**

---

[1] The government asserts that this appeal is untimely. Sullivan responds that she timely deposited her notice of appeal in the prison mail system. *See* Fed. R. App. P. 4(c)(1). We do not resolve this dispute and instead proceed to the merits. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) (timeliness in a criminal case is not jurisdictional).