NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE DAVID HUFFMAN,

Plaintiff - Appellant,

v.

STANLEY L. SNIFF, Riverside County
Sheriff, in individual capacity and official
capacity,

Defendant - Appellee.

No. 24-4268

D.C. No.
5:17-cv-01197-JLS-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 17, 2025**

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

California state prisoner George David Huffman appeals pro se from the

district court's summary judgment in Huffman's 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs while he was a pretrial

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

detainee. "We have an independent obligation to inquire into our own jurisdiction." *Perez-Martin v. Ashcroft*, 394 F.3d 752, 756 (9th Cir. 2005). We dismiss this appeal for lack of jurisdiction.

Neither of Huffman's two notices of appeal were timely filed. *See* 28 U.S.C. § 2107(a) (stating that a notice of appeal in a civil action must be filed "within thirty days after the entry of . . . judgment"); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (stating that the requirement of a timely notice of appeal in a civil case is mandatory and jurisdictional). Although another inmate provided a declaration under penalty of perjury stating that he deposited one of Huffman's notices in the prison's mail system before the last date for filing, the declaration does not state that first-class postage was prepaid. *See* Fed. R. App. P. 4(c)(1)(A)(i) (stating that a pro se prisoner's notice of appeal is timely "if it is deposited in the institution's internal mail system on or before the last day for filing and it is accompanied by" a declaration under penalty of perjury "setting out the date of deposit and stating that first-class postage is being prepaid"). Huffman's other notice of appeal does not include a declaration setting forth either the date of deposit or whether postage was prepaid, and in any event, Huffman prepared the document two days after the last day for filing.

Both notices are postmarked after the last day for filing. *See* Fed. R. App. P. 4(c)(1)(A)(ii). Because neither notice of appeal was timely, we lack jurisdiction

2                                                                          24-4268

over this appeal.

**DISMISSED.**