**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Ray EAMES, Defendant–
Appellant.**

**No. 06–10604.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008.[*]

Filed May 23, 2008.

Peter S. Sexton, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Larry Ray Eames, Butner, NC, pro se.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM [**]

Larry Ray Eames appeals pro se from the district court's 2006 order denying his Federal Rule of Criminal Procedure 41(g) motion for the return of specific real and personal property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, dismiss in part, and remand in part.

We affirm the district court's rejection of Eames' contentions alleging: 1) that the government took $300,000 worth of gold coins from a safe at one of Eames' businesses; 2) that the government seized Eames' vehicles; and 3) that Judge Silver and the Assistant United States Attorney have engaged in misconduct. These contentions fail as there are no genuine issues of material fact. *See United States v. Ibrahim,* 522 F.3d 1003, 1008 (9th Cir. 2008).

Eames' also contends that the district court erred by not holding the government in contempt, new allegations regarding ineffective assistance of counsel at trial, that the government had no right to sell certain coins, and that the government seized $1 million worth of baseball cards. These contentions are waived because he raises these contentions here for the first time. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991).

Eames also contends that the consent decree of forfeiture is invalid because the district court failed to include it in the final judgement. We lack jurisdiction to address this contention because Eames failed to appeal this from the district court's 2004 order in a timely fashion and the government raised the timeliness issue in its opening brief. *See United States v. Sadler,* 480 F.3d 932, 937 (9th Cir.2007).

In the district court proceedings, Eames' raised several contentions that were never properly addressed by the district court. Accordingly, we remand to the district court to address the following contentions: 1) the whereabouts of $6,000 worth of rent from his home; 2) the whereabouts of his sports memorabilia; 3) allegations of missing coins; 4) whether personal computers were subject to the forfeiture agreement; 5) whether coins and computers were grossly undervalued; and 6) the value of items returned to Eames. *See Mendoza v. Carey,* 449 F.3d 1065, 1071 (9th Cir.2006).

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We deny Eames' request for his case to be assigned to a different judge. *Cf. United States v. Mikaelian,* 168 F.3d 380, 387–388 (9th Cir.1999) (listing "unusual circumstances" when a different judge may be required).

Finally, Eames' requests appointed counsel on remand. We deny his request without prejudice to renew his motion in the district court.

**AFFIRMED in part; DISMISSED in part; REMANDED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.