**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10173 |
| Plaintiff - Appellee, | 09-10207 |
| v. | D.C. No. 2:97-cr-00237-ROS-2 |
| LARRY RAY EAMES, a.k.a. Robert Eames, a.k.a. David Rodgers, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted June 29, 2012**

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Larry Ray Eames appeals pro se from the district court's April 14, 2009,

order denying in part his Federal Rule of Criminal Procedure 41(g) motion for the

return of property from the United States government.  We have jurisdiction under

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003), and we affirm.

Following convictions in 1998 for fraud, money laundering, and conspiracy to commit money laundering, Eames was sentenced in 1999 to 365 months imprisonment and ordered to pay restitution of $8.7 million. Eames's money laundering convictions were vacated in 2011 by the United States District Court for the Eastern District of North Carolina upon grant of his petition for writ of habeas corpus. He was re-sentenced by that court to 135 months, with credit for time served, and his restitution and "any current forfeiture orders" were vacated. Those decisions have no impact on the issues before us.

The district court denied Eames's 41(g) motion, filed on September 28, 2000, for return of property seized by the government during the criminal investigation. In 2008, we affirmed in part, and remanded for the district court to decide Eames's six remaining claims: "(1) the whereabouts of $6,000 worth of rent from his home; (2) the whereabouts of his sports memorabilia; (3) allegations of missing coins; (4) whether personal computers were subject to the forfeiture agreement; (5) whether coins and computers were grossly undervalued; and (6) the value of items returned to Eames." *United States v. Eames*, 279 Fed. Appx. 541 (9th Cir. 2008).

09-10173

On remand, the district court found no genuine dispute of material fact as to any improperly seized (1) rental payments, (2) sports memorabilia, and (3) personal computers. The district court also found no genuine dispute of material fact as to whether (4) the government sold Eames's validly forfeited coins and computers at below-market value, and as to whether (5) Eames received all the boxes of property sent to him by the government. The district court properly denied Eames's 41(g) motion as to these five items because Eames fails to raise any genuine disputes of material fact as to whether the government possesses the items. *See Kardoh v. United States*, 572 F.3d 697, 702 (9th Cir. 2009).

The government admitted it misplaced four gold coins which it had seized, and the district court ordered the government to make payment equal to the coins' value. The government valued the misplaced coins at $874, and remitted this sum in 2009 to the district court for application against Eames's $8.7 million restitution obligation. The district court, which did not have the benefit of our decision in *Ordonez v. United States*, 680 F.3d 1135 (9th Cir. 2012), should have denied Eames's motion in its entirety. After supplemental briefing, the government, citing *Ordonez*, contends correctly that district court lacked jurisdiction to order payment of money damages because sovereign immunity bars an award of money damages against the government on a motion to recover property under Rule 41(g). *Id*. at 1139-40. We therefore vacate the district court's award of money damages and

remand with instructions to dismiss Eames's claim for the four lost coins.  We

affirm with respect to all other claims.

**AFFIRMED in part; VACATED in part and REMANDED with instructions.**