

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD GLASSEY, | No. 14-17574 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-03629-WHA |
| MICHAEL EDWARD McNEIL, | |
| Plaintiff, | MEMORANDUM* |
| v. | |
| MICROSEMI, INC.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted February 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Todd Glassey appeals pro se from the district court's judgment dismissing

his action arising from a patent ownership dispute.  We have jurisdiction under 28

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). We affirm.

The district court did not abuse its discretion by dismissing Glassey's action because Glassey failed to comply with Rule 8(a)'s requirement of a short and plain statement of the claims. *See* Fed. R. Civ. P. 8(a); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Glassey's motion to quash because the motion was based on mere speculation. *See Harris v. Bd. of Supervisors, L.A. Cty.*, 366 F.3d 754, 760 (9th Cir. 2004) (standard of review and requirements for preliminary injunctive relief).

The district court properly denied Glassey's various motions for partial summary judgment because they were not supported by any evidence in the record. *See* Fed. R. Civ. P. 56 (setting forth requirements for summary judgment); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (moving party bears initial burden of showing the absence of a genuine dispute of material fact).

The district court properly denied Glassey's motions for a three-judge panel. *See* 28 U.S.C. § 2284(a).

We reject as unsupported by the record Glassey's contention that the district court was biased.

We do not have jurisdiction over the portion of the judgment as to Michael Edward McNeil because McNeil did not sign the notice of appeal. *See* Fed. R. App. P. 3(c)(2); Fed. R. App. P. 4(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (Rule 4(a) is both mandatory and jurisdictional); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney does not have authority to appear as an attorney for others).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**