NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CUONG MACH BINH TIEU, AKA
Steve, AKA Hak Se Wui, AKA Ah Keung,

      Defendant - Appellant.

No. 24-1310

D.C. No. 3:11-cr-00097-CRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 20, 2024[**]

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Cuong Mach Binh Tieu appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As an initial matter, the government contends that Tieu's notice of appeal is untimely. Tieu responds that he timely placed a stamped envelope containing a request for an extension of time in his cell door for mailing during a prison lockdown. We need not resolve this issue because, even if the appeal is timely, Tieu's arguments fail. *See United States v. Sadler*, 480 F.3d 932, 936 (9th Cir. 2007) (timely notice of appeal in a criminal case is not jurisdictional).

Tieu sought relief under Amendments 782 and 821 to the Sentencing Guidelines. Contrary to Tieu's argument, the district court did not previously find that he was eligible for a reduction under Amendment 782; rather, it did not resolve that question because Tieu was ineligible for relief even if the Amendment applied. In deciding the instant motion, the court correctly determined that Amendment 782 did not lower Tieu's guideline range given the amount of drugs involved in his offense. *See* U.S.S.G. § 2D1.1(c)(1).

Amendment 821, by contrast, did lower Tieu's guideline range. As the district court correctly concluded, however, Tieu is ineligible for relief because his 220-month sentence is below the amended range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range.").

We do not address Tieu's arguments raised for the first time in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Dillon*

*v. United States*, 560 U.S. 817, 831 (2010) (sentencing issues unrelated to the guideline amendment may not be raised in § 3582(c)(2) proceedings).

**AFFIRMED.**